**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: MICHAEL GEORGE WEBER
and EDLYNA FRANCES WEBER,

Debtors.

---

MICHAEL GEORGE WEBER,

Appellant,

v.

INTERNAL REVENUE SERVICE OF
THE UNITED STATES,

Appellee.

---

WILLIAM H. GRIFFIN,

Trustee.

No. 98-3009

D. Kansas

(D.C. No. CV-97-4084-DES)

---

**ORDER AND JUDGMENT** *

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **ANDERSON** and **MCWILLIAMS** , Circuit Judges, and **COOK**,[**] District Judge.

_____

Michael George Weber appeals from a district court decision affirming the bankruptcy court.  The bankruptcy court determined that it lacked jurisdiction to hear Weber's challenge to a priority claim by the Internal Revenue Service (IRS) for certain amounts of child support it seeks to collect under 26 U.S.C. § 6305(a). We affirm.

Weber's former wife assigned at least some of her child support rights to the state of Nebraska in exchange for welfare benefits.  Nebraska sought the assistance of the IRS in collecting the debt from Weber, under the procedures of 26 U.S.C. § 6305(a), which provides in relevant part:

> Upon receiving a certification from the Secretary of Health and Human Services, under section 452(b) of the Social Security Act with respect to any individual, the Secretary shall assess and collect the amount certified by the Secretary of Health and Human Services in the same manner, with the same powers, and [with exceptions not applicable here] subject to the same limitations as if such amount were a tax imposed by subtitle C the collection of which would be jeopardized by delay . . . .

After Weber declared bankruptcy, the IRS filed a proof of claim in the amount of $46,149.45.

_____

[**]The Honorable H. Dale Cook, United States District Judge for the Northern District of Oklahoma, sitting by designation.

Weber challenged the claim, but the bankruptcy court held that it could not hear his challenges, citing 26 U.S.C. § 6305(b), which provides as follows:

> No court of the United States, whether established under article I or article III of the Constitution, shall have jurisdiction of any action, whether legal or equitable, brought to restrain or review the assessment and collection of amounts by the Secretary under subsection (a), nor shall any such assessment and collection be subject to review by the Secretary in any proceeding. This subsection does not preclude any legal, equitable, or administrative action against the State by an individual in any State court or before any State agency to determine his liability for any amount assessed against him and collected, or to recover any such amount collected from him, under this section.

The district court agreed and affirmed. Our review on this question of law is de novo. See Rushton v. State Bank of S. Utah (In re Gledhill), 164 F.3d 1338, 1340 (10th Cir. 1999).

Weber at some point convinced Nebraska that the $46,149.45 amount originally submitted for IRS collection should be reduced to $16,015.73. Since the filing of briefs in this case, the IRS has amended its proof of claim to match the $16,015.73 amount. Nevertheless, Weber still argues that he does not owe even that amount to the state of Nebraska for child support, and claims that the bankruptcy court has jurisdiction to hear his arguments on this point.

Weber recognizes that the plain language of § 6305(b) prevents all federal courts, including bankruptcy courts, see Fullmer v. United States (In re Fullmer), 962 F.2d 1463, 1468-70 (10th Cir. 1992), from hearing any challenges to "the

validity [or] amount of a properly certified child support assessment." Id. at 1469 n.8. He claims instead that the $16,015.73 amount was not properly certified, and argues that § 6305(b) does not prevent federal courts from requiring compliance with certification procedures.

Weber raises numerous arguments in an attempt to support his invalid certification theory. In his opening brief, he argues that Nebraska has failed to amend its certification request, that its submissions do not reflect its own subsequent corrections to the amount Weber owes, and that such inaction violates 45 C.F.R. § 303.71(g)(i). As far as we can discern from the information provided to us by Weber, this claim has been rendered moot by Nebraska's recent action to amend the certification request and by the IRS' amended proof of claim.

Weber has raised additional invalid certification arguments both in his reply brief and at oral argument. He argues (1) that the $16,015.73 amount is not in fact a nondischargeable debt for child support, but is instead a dischargeable claim for "excess welfare benefits," Appellant's Reply Br. at 2; (2) that an agreement with his former spouse settling claims for child support precludes any such claims by Nebraska ; and (3) that Nebraska's representations regarding Weber's child support obligations are fraudulent, see id at 3. Weber waived these issues by not raising them in his opening brief. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994). We nevertheless note that these

arguments are of no avail. They do not challenge compliance with certification procedures; rather, these are challenges to the validity of the claim, to which § 6305(b) applies. We therefore do not decide whether § 6305(b) bars claims that certification procedures have not been followed, because Weber's attempts to characterize his arguments as such are unconvincing.

Without directly challenging the constitutionality of § 6305(b), see Appellant's Br. at 9-10, Weber claims he has been denied due process. We do not agree, especially given the fact that Weber does not specifically claim to have pursued all available state remedies and makes no serious legal argument that state remedies are inadequate. We note in this regard that should Weber avail himself further of state procedures, the IRS concedes that "[w]hile Weber pursues his remedies against the State of Nebraska, the United States is precluded from collecting by operation of the automatic stay in the Chapter 13 case. See 11 U.S.C. § 362." Appellee's Br. at 29.

Weber claims that Nebraska has consented to federal court jurisdiction in this matter. We need not decide if that is so, for Nebraska's consent could not confer the jurisdiction that § 6305(b) denies.

Accordingly, we AFFIRM.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge